# 15-25-00017-CV

ACCEPTED
15-25-00017-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/4/2025 10:05 PM
CHRISTOPHER A. PRINE
CLERK

## No. 12-24-00317-CV

In the Fifteenth Court of Appeals
Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/4/2025 10:05:14 PM
CHRISTOPHER A. PRINE
Clerk

---

In the Guardianship of Landen Thomas Griswold,
an Incapacitated Person

---

On Appeal from Cause No. G00074
County Court at Law
Cherokee County, Texas

---

# Appellant's Brief

---

KEAN | MILLER LLP
Tracia Y. Lee
State Bar No. 24013021
Tracia.Lee@keanmiller.com
Laurel M. Smith
State Bar No. 24113488
Laurel.Smith@keanmiller.com
Pennzoil South Tower
711 Louisiana Street, Suite 1800
Houston, Texas 77002
(713) 844-3000
(713) 844-3030 (Fax)
e-serve@keanmiller.com  (E-Service)

Attorneys for Appellant,
Candice Jeffcoat

**Oral Argument Requested**

**No. 12-24-00317-CV**

In the Fifteenth Court of Appeals
Austin, Texas

---

In the Guardianship of Landen Thomas Griswold,
an Incapacitated Person

---

On Appeal from Cause No. G00074
County Court at Law
Cherokee County, Texas

---

## Identity of Parties and Counsel

| | |
|---|---|
| Appellant: | Candice Jeffcoat |
| Trial and Appellate Counsel for Appellant: | KEAN \| MILLER LLP<br>Laurel M. Smith<br>State Bar No. 24113488<br>Laurel.Smith@keanmiller.com<br>Pennzoil South Tower<br>711 Louisiana Street, Suite 1800<br>Houston, Texas 77002 |
| Appellate Counsel for Appellant: | KEAN \| MILLER LLP<br>Tracia Y. Lee<br>State Bar No. 24013021<br>Tracia.Lee@keanmiller.com<br>Pennzoil South Tower<br>711 Louisiana Street, Suite 1800<br>Houston, Texas 77002 |

---

Appellee:                              Texas Health and Human Services
                                       Commission

Trial and Appellate Counsel for        Jonathan Petix
Appellee:                              Texas Health and Human Services
                                       Commission (HHSC)
                                       350 Pine Street, 9th Floor
                                       Beaumont, Texas 77701
                                       (409) 730-4087
                                       (409) 730-4048 (Fax)
                                       Jonathan.petix@hhs.texas.gov

Appellate Counsel for Appellee:        Alyssa N. Bixby-Lawson
                                       Assistant Attorney General
                                       General Litigation Division
                                       Office of the Attorney General
                                       300 West 15th Street, 6th Floor
                                       Austin Texas 78701
                                       Phone: (210) 270-1118
                                       Fax: (512) 477-2348
                                       Email: alyssa.bixby-lawson@oag.texas.gov

ii

# Table of Contents

Table of Authorities ........................................................................................2

Statement of the Case .....................................................................................4

Summary of the Argument..............................................................................5

Statement of Facts..........................................................................................8

Issues Presented ...........................................................................................19

Argument .......................................................................................................20

I. HHSC has the burden to prove that Candice is
disqualified to serve as guardian of Landen's person...............20

II. Texas law makes clear that HHSC should serve as
guardian only as a last resort, when no alternative person
is available to serve as guardian...............................................21

III. The Trial Court erred by allowing HHSC to intervene in
Candice's guardianship proceeding; Texas law requires
HHSC to allow her to apply for guardianship without
HHSC intervention ....................................................................25

IV. The Trial Court erred by determining Candice's
suitability without allowing her to fully make her case for
her guardianship application .....................................................27

V. The Trial Court erred when it found Candice unsuitable
to be Landen's guardian; HHSC did not prove that
Candice is unsuitable.................................................................28

A. Candice is suitable ...........................................................31

B. The evidence is legally insufficient to support the
Trial Court's unsuitability finding....................................33

C. Alternatively, the evidence is factually insufficient to
support the Trial Court's unsuitability finding.................35

D. There is no legal support for the Trial Court's
conclusion of law that Candice is unsuitable ....................36

VI. The Trial Court erred when it appointed HHSC as
Landen's guardian because the Trial Court did not comply
with the statutory requirements...............................................37

Prayer ...................................................................................................42

Certificate of Compliance ..................................................................44

Certificate of Service...........................................................................44

Appendix ..............................................................................................45

## Table of Authorities

**Cases**

*Capps v. Nexion Health at Southwood, Inc.,*
349 S.W.3d 849 (Tex. App.—Tyler 2011, no pet.) ...................................35

*Hegar v. Am. Multi-Cinema, Inc.,*
605 S.W.3d 35 (Tex. 2020).........................................................21, 28, 33

*Hill v. Jones,*
773 S.W.2d 55 (Tex. App.—Houston [14th Dist.] 1989, no writ)............20

*In re Guardianship of Rombough,*
No. 02-11-00181-CV, 2012 WL 1624027
(Tex. App.—Fort Worth May 10, 2012, no pet.) .....................................30

*Matter of Guardianship of Jones,*
No. 02-15-00367-CV, 2016 WL 4474353
(Tex. App.—Fort Worth Aug. 25, 2016, no pet.).....................................20

*Shields Ltd. P'ship v. Bradberry,*
526 S.W.3d 471 (Tex. 2017).....................................................................35

*Trimble v. Texas Dep't of Protective & Regulatory Serv.,*
981 S.W.2d 211 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ..........30

**Statutes**

Tex. Estates Code §104.002.................................................................37

Tex. Estates Code §1054.004...............................................................39

Tex. Estates Code §1054.054......................................................................41

Tex. Estates Code §1054.151......................................................................41

Tex. Estates Code §1101.051......................................................................38

Tex. Estates Code §1101.101......................................................................20

Tex. Estates Code §1104.101......................................................................40

Tex. Estates Code §1104.102......................................................................37

Tex. Estates Code §1151.351......................................................................38

Tex. Estates Code §1203.151......................................................................24

Tex. Estates Code §1251.011......................................................................24

Tex. Gov't Code §531.055 ..........................................................................25

Tex. Hum. Res. Code §161.101..........................................................15, 22, 26

Tex. Hum. Res. Code §161.102..........................................................15, 23, 26

Tex. Hum. Res. Code §161.108......................................................................23

**Rules**

Tex. R. Civ. P. 45 ....................................................................................28

Tex. R. Civ. P. 216...................................................................................28

## Statement of the Case

Nature of the case:          The underlying case is a guardianship proceeding. Appellant Candice Jeffcoat applied to guardian of her adult, disabled son.[1] 1CR 5. Appellee, Texas Health and Human Services Commission ("HHSC") intervened in the guardianship proceeding and applied to be guardian. 1CR 193; 1CR 224.

Course of the proceedings:     The Trial Court held a hearing to determine whether HHSC could intervene in the guardianship proceeding Candice initiated. 2RR. But without any notice to the parties, the Trial Court decided, *sua sponte*, to receive evidence and determine the merits of Candice's guardianship application.

Trial Court's disposition:     Trial Court granted HHSC's Petition in Intervention (1CR 235), dismissed Candice's application for guardianship (1CR 247), and appointed HHSC as the permanent guardian of Landen's person (1CR 240).

---

[1] Candice applied to be the guardian of the person for her son, Landen Griswold.

4

# Summary of the Argument

This is a sad story of a mother who truly wants to care for her child but has been thwarted by the system. She has taken every step to make sure she is financially able, emotionally able, and knowledgeable to take care of her severely disabled autistic adult child, Landen Griswold.

Due to some unfortunate events in her past, she had to make the tough decision thirteen years ago to relinquish her parental rights to Landen because (1) there was no one else to care for him at the time and (2) she was told that relinquishing her parental rights was the only way she could be reunited with him.

Long story short, Candice has turned her life around. Candice has been "clean" for thirteen years. She is financially secure. She received training to care for an autistic person and to serve as a guardian. She has contributed to her community by founding a rehabilitation center to help others with substance abuse issues. She is prepared and wants to care for Landen.

Landen is now an adult and has "aged out of the system," which means he will no longer be cared for by foster parents. As such, Candice

5

applied to serve as the guardian of Landen's person under the Estates Code.

Her application was derailed from the start. She asked the Trial Court several times to appoint a neutral officer of the court (e.g., court investigator or guardian ad litem) to investigate Landen's needs and Candice's ability to care for him. Because Landen is indigent, Candice offered to post security for costs for this work or otherwise be responsible for any expense that resulted from that person's appointment. The Trial Court denied her requests.

The Texas Health and Human Services Commission ("HHSC") also thwarted her application by improperly intervening. By law, HHSC must allow Candice to pursue her guardianship application and obtain a ruling before HHSC can apply to be Landen's guardian. And, HHSC could only intervene or request to be Landen's guardian after the Trial Court determined that there was no other available person. But HHSC did not do that.

HHSC intervened, arguing that Candice is unsuitable to serve as Landen's guardian because she relinquished her parental rights thirteen years ago. HHSC set its petition to intervene for a hearing.

Even though Candice's guardianship application was not set for hearing, she did not receive notice of a trial, and she was not prepared to present all her evidence and did not know to ask her witnesses to be present, the Trial Court considered her suitability and the merits of her guardianship application at the hearing on HHSC's petition to intervene anyway.

Regardless, no evidence of unsuitability was presented. HHSC presented no evidence that Candice's current situation makes her unsuitable. Candice's testimony that she has taken all the steps to put her in the best position and has the resources to care for Landen today was uncontroverted. HHSC presented no witness with personal knowledge of anything that makes Candice unsuitable. The witnesses presented by HHSC relied completely upon hearsay in thirteen-year-old CPS records. Because none of HHSC's witnesses had participated in the CPS investigation that formed the basis of those records, the records were inadmissible.

Since the Trial Court appointed HHSC to serve as Landen's guardian, HHSC has removed him from foster care and refuses to let Candice visit him. HHSC will not even tell her where he is.

As such, Candice asks this Court to reverse the Trial Court's erroneous order allowing HHSC to intervene, reverse the Trial Court's erroneous order dismissing her guardianship application based on unsuitability, and reverse the Trial Court's erroneous order appointing HHSC to serve as Landen's guardian.

**Statement of Facts**

Candice is the biological mother of Landen Griswold. Landen is severely autistic. 2RR 68. There is no dispute that Landen cannot care for himself and needs a guardianship.

Candice's past was unfortunate. As a result of having several surgeries, Candice became addicted to pain medication. 2RR 45. When she was arrested for possession of a controlled substance in 2011 (2RR 71), she voluntarily relinquished her parental rights to Landon because she believed at the time that it was in his best interest (2RR 45). She was going to prison for a drug possession charge, and there was no one to take care of him. 2RR 45.

At the time she relinquished her parental rights, she believed she would have an opportunity to regain custody in the future. 2RR 46-47. Child Protective Services ("CPS") represented to her that voluntarily

8

relinquishing her parental rights was the only option if she ever wanted to see Landen again. 2RR 57-58. CPS also represented to her that she could regain her rights to Landen more quickly if she simply accepted her punishment and went to prison, rather than waiting to complete her five years' probation. Candice voluntarily revoked her probation and chose a prison sentence to enable her to regain custody of Landen more quickly. 2CR 260.

Candice served eleven months in prison and was released in May 2013. 2RR 45-46. Candice has been "clean" since 2011. 2RR 46. She has not used any controlled substances since 2011. 2RR 46. She has not had any drug offenses since 2013, nor has she failed a drug test since 2011. 2RR 46.

She has been trying to regain custody of Landen since 2013 when she was released from prison. 2RR 46. She went to Anderson County and spoke with CPS and the district attorney to see if anyone could help her regain custody of Landen. 2RR 46.

In 2015, a CPS representative visited her at work and showed her a photo of Landen and asked if she would like to try to regain her parental rights. 2RR 46. Candice performed all the procedures and took a drug

test that day. 2RR 46. Even though Candice took all the steps, CPS ended up telling her that there was no "open case." 2RR 46.

Candice has "cleaned up" her life and given back to the community. Candice has been helping others with drug addictions. 2RR 47. She even started a rehabilitation center in Palestine, Texas. 2RR 47. She has worked with the Palestine Police Department to help people with drug addictions. 2RR 47.

She has developed friendships with the officers who had arrested her and the district attorney who prosecuted her so many years ago. 2RR 47. The officers and the district attorney are witnesses who can describe Candice's life since being off drugs and opine that Candice is qualified to take care of Landen. 2RR 47.

Candice has a house with four bedrooms and three bathrooms. 2RR 48. There is plenty of room for Landen. 2RR 48. Candice has financial resources to care for Landen. 2RR 48. She has her own business and is putting herself through real estate school. 2RR 48. (She recently received her real estate license and is a Real Estate Sales Associate at Century 21 Parker and Scroggins Conway.)

Candice has studied autism and has taken classes on how to better care for and understand Landen. 2RR 48. She has completed a guardianship training course required by Texas Estates Code section §1104.003 to be appointed a guardian. 1CR 35.

Candice is willing, able, and ready to provide care, support, clothing, shelter, and whatever needs he has. 2RR 51. She is willing, able, and ready to comply with court orders and submit reports to the court as required. 2RR 51; 2RR 75-76. She is willing, able, and ready to submit to court supervision. 2RR 51; 2RR 75. Candice is willing, able, and ready to move to Texas to be with Landen. 2RR 52-53; 2RR 75. She designated a Texas agent, as required by Texas Estates Code section 1104.357 to be a guardian. 2CR 451.

Landen is nonverbal. 2RR 58. If the Texas Health and Human Services Commission ("HHSC") takes him as a ward, and he goes to a hospital or other institution, he would not be able to communicate if something inappropriate was happening to him or if he was being harmed. 2RR 59. This is a real fear for Candice.

Two years ago, CPS tried to reunify her with Landen and allow her to see him every two weeks. 2RR 62; 2RR 70. The reunification plan was

11

for her to visit Landen every two weeks until she could regain custody. 2RR 70.

She visited Landen in 2022. 2RR 63; 2CR 422-423 (photos). Landen remembered Candice. 2RR 65; 2RR 68. He grabbed Candice's hand and told her he loved her. 2RR 66. Even the CPS caseworker noticed that he remembered Candice. 2RR 65-66.

Unfortunately, on the day she was to visit Landen the second time, the CPS caseworker told Candice that the foster parents (the Sanchezes) taking care of Landen did not want her to see him. 2RR 71.

Landen has been living with foster parents for twelve years. 2RR 29. However, he turned 20 years of age in December 2024 and has "aged out of the system." 2RR 71.

Even though the foster parents were served with Candice's application to be his guardian, they did not make an appearance or contest her application. The foster parents have not adopted him and do not intend to adopt him. 2RR 75. The foster parents have not applied to be his guardians. 2RR 74.

As such, at the time of the Trial Court's denial of Candice's guardianship application, Landen was about to leave the foster home

soon regardless of what happened with her guardianship application. 2RR 75.

Since the Trial Court appointed HHSC to be the guardian of Landen's person, HHSC will not allow Candice to visit him or even tell her where he is. Based on information and belief, HHSC has removed him from foster care and moved him into a group home or facility. His new caseworker is in Austin. HHSC will not tell Candice where her child is. Candice does not even know which county in Texas Landen is living in.

HHSC's primary argument that Candice is unsuitable to serve as guardian of Landen's person is because she relinquished her parental rights thirteen years ago. 2RR. HHSC glosses over the fact that Candice voluntarily relinquished her parental rights because she believed that it was in Landen's best interest for her to do so. 2RR. HHSC did not point to a single event occurring in the last ten years that disqualifies Candice or that can show she is not capable of caring for Landen. 2RR.

Procedural history

Candice applied to the Trial Court to be the permanent guardian of Landen's person.

The Trial Court appointed Jeffrey Clark as Landen's Attorney ad Litem to represent Landen's legal interests.[2]

Candice asked the Trial Court to appoint a guardian ad litem to serve as a neutral court appointee to investigate the need for a guardianship for Landen and the circumstances underlying Candice's Application and make recommendations to the Trial Court. Since Landen is indigent, Candice offered to post security for the costs incurred by the guardian ad litem. 1CR 39. The Trial Court denied Candice's request. 1CR 88.

Candice also asked the Trial Court to appoint a court investigator. 1CR 231. But the Trial Court denied that request as well.

Because the Trial Court did not appoint a court investigator or guardian ad litem, there was no neutral person to investigate Candice's Application for a guardianship.

Subsequently, HHSC filed its Petition in Intervention and Motion for Leave to Intervene,[3] requesting to intervene in Candice's

---

[2] The Trial Court discharged Mr. Clark as Attorney ad Litem and released him from his duties as Attorney ad Litem. 1CR 245.

[3] "Motion" and "Petition" to intervene are used interchangeably in HHSC's filings and the Court's Order.

guardianship proceeding. 1CR 224. HHSC also filed its own application to be appointed permanent guardian of Landen's person. 1CR 193.

Candice opposed HHSC's intervention on the grounds that Texas law does not allow HHSC to intervene or seek a guardianship if there is an available person who has come forward and applied to be guardian (which Candice did). 1CR 227. If there is an available person, HHSC must refer the guardianship to that person. Tex. Hum. Res. Code §161.101; 161.102.

The Trial Court held a hearing on HHSC's Petition in Intervention. HHSC's Petition in Intervention was the only matter in this case set on the Court's docket that day. 2CR 280.

Even though there were no fact issues for HHSC's intervention, since a request to intervene is a determination for the Trial Court as a matter of law, the Trial Court allowed HHSC to call two witnesses to testify: Beth Boon, a representative of HHSC, and Robin Hewitt, a representative of CPS. 2RR 3.

Ms. Boon could not identify any law that would prevent HHSC from considering a parent whose rights to a child had been previously terminated as a candidate to be guardian of an adult. 2CR 312.

15

Ms. Boon admitted that Candice's circumstances could have changed in the twelve years since Candice had voluntarily relinquished her rights to Landen, but Ms. Boon did not bother to investigate Candice's current situation. 2CR 312-313.

Ms. Boon further admitted that while it was her job to investigate alternatives to guardianship and locate possible candidates to serve as guardian (other than HHSC), she did not even consider Candice as an option. 2CR 314-315.

Ms. Hewitt testified to circumstances leading up to Landen's removal by CPS from Candice's custody between 2007 and 2011—circumstances that occurred ***more than thirteen years ago***. 2RR 32. Not only was this testimony not relevant to HHSC's intervention in the guardianship and not even admissible (see below), but the events occurred so long ago that this testimony was completely irrelevant to the entire guardianship proceeding.

Ms. Hewitt also could not identify a statute that disqualifies a person from serving as guardian of an adult based on their prior termination of rights to a child. 2CR 323.

Ms. Hewitt admitted that she has no personal knowledge about the events that occurred with Landen's case at CPS from 2007 to 2011. 2CR 327.

Because Ms. Hewitt has no personal knowledge about the events that occurred with Landen's case at CPS from 2007 to 2011, the Trial Court sustained Candice's (lack of personal knowledge) objection to Ms. Hewitt's testimony.

To respond to HHSC's Plea in Intervention and rebut the negative and wholly irrelevant testimony from HHSC's witnesses, Candice testified about her recovery from her addiction more than a decade ago, her efforts to gain custody, and now guardianship of Landen, and her ability to care for and provide for Landen. 2CR 331-363.

HHSC presented no evidence to show that Candice is not an available person to serve as guardian based on her current circumstances. HHSC presented no evidence to show that Candice is unsuitable to serve as guardian based on her current circumstances.

Nevertheless, at the end of the hearing on HHSC's Petition in Intervention, the Trial Court granted the Petition in Intervention. 2RR 83; 1CR 235. Then, after it granted the Petition in Intervention, the Trial

Court *sua sponte* found Candice unsuitable and denied her guardianship application on the merits with no notice and no trial setting. 2RR 83.

A few weeks later, the Trial Court sent a written order dismissing Candice's application for guardianship based on unsuitability without notice or a trial setting (1CR 247) and a written order appointing HHSC as the permanent guardian of Landen's person (1CR 240).

In response to Candice's request, the Trial Court entered findings of fact and conclusions of law. 2CR 438.[4] The Trial Court simply stated: "Based on the testimony and evidence presented, this Court made a finding of fact that [Candice] is not suitable to serve as [Landen's] guardian and her parental rights were terminated on or about September 18, 2012, regarding [Landen] via a Final Order in Suit Affecting the Parent-Child Relationship in Anderson County, Texas." 2CR 439.

The Trial Court did not provide any reason for an unsuitability finding other than her parental rights had been terminated thirteen years ago:

---

[4] Candice objects to all of the Trial Court's findings in paragraph 6. 2CR 439. Not all parties were properly served, Cherokee County Court At Law does not retain continuing, exclusive jurisdiction of the suit, and intervention does prejudice Candice's rights.

18

## B. Unsuitability

5. On July 15, 2024, came to be considered the suitability of the applicant Candice Nichole Jeffcoat AKA Candace Jeffcoat to be the guardian of Landen Thomas Griswold. This Court considered the question of suitability pursuant to § 1104.352 of the Texas Estates Code. Based on the testimony and evidence presented, this Court made a finding of fact that Candice Nichole Jeffcoat AKA Candace Jeffcoat is not suitable to serve as his guardian and her parental rights were terminated on or about September 18, 2012, regarding Landen Thomas Griswold via a Final Order in Suit Affecting the Parent-Child Relationship in Anderson County, Texas.

2CR 439 (emphasis added).

Candice moved for a new trial to ask the Trial Court to reconsider its decision to allow HHSC to intervene in her guardianship application, dismiss her guardianship application, and appoint HHSC to serve as guardian of Landen's person. 2CR 258. The Trial Court denied her motion. 2CR 453. She then filed this Appeal.

## Issues Presented

1. The Trial Court erred when it allowed HHSC to intervene in Candice's application to be the guardian of Landen's person. The statute makes clear that when a person is available to serve as guardian of a ward, HHSC must allow that person to apply for guardianship first. Candice is available to serve as guardian of Landen's person.

2. The Trial Court erred when it found Candice unsuitable to serve as guardian of Landen's person and dismissed her application. First,

19

Candice did not receive timely notice that she had to try the merits of her application at the hearing on HHSC's intervention petition. Second, HHSC presented no evidence that she is unsuitable based on her current circumstances. The basis of HHSC's unsuitability contention is that she voluntarily relinquished her parental rights to Landen in 2012.

3. The Trial Court erred when it appointed HHSC to serve as guardian of Landen's person. The Trial Court did not comply with Texas law when it made this decision. Landen was not present at the hearing on HHSC's intervention, and the Trial Court did not consider Landen's preference for guardian or his best interests. There was no indication that anyone had even spoken with Landen about his preferences or best interests. The Trial Court also failed to appoint a court investigator or guardian ad litem to evaluate Candice's guardianship application.

## Argument

## I. HHSC has the burden to prove that Candice is disqualified to serve as guardian of Landen's person.

HHSC has the burden to prove by a preponderance of the evidence that Candice is disqualified to serve as guardian of Landen's person.[5] *Hill v. Jones*, 773 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist.] 1989, no writ); Tex. Estates Code §1101.101(a)(2)(B).

---

[5] A court can appoint a guardian if it has been shown by a preponderance of the evidence that the applicant is qualified. Tex. Estates Code §1101.101(a)(2)(B).

## II. Texas law makes clear that HHSC should serve as guardian only as a last resort, when no alternative person is available to serve as guardian.

Texas statutes make clear that HHSC is the guardian of last resort.

We review matters of statutory construction as questions of law with the goal of determining and giving effect to the Legislature's intent. *Hegar v. Am. Multi-Cinema, Inc.*, 605 S.W.3d 35, 40 (Tex. 2020). In doing so, we look first and foremost to the plain and common meaning of the statute's words and to the definitions it provides, "unless a different meaning is apparent from the context." *Id.* When the words read in context are clear, they determine intent; a court must never rewrite them under the guise of interpretation. *Id.* at 41. Only when there is more than one reasonable interpretation of the statutory text, or when its plain meaning leads to absurd or nonsensical results, may we look beyond that language for assistance in determining intent. *Id.*

Texas law requires HHSC to refer Landen's case to Candice so Candice could apply to serve as guardian of Landen's person without interference from HHSC. Per Texas law, the Trial Court should have denied HHSC's Petition to Intervene and allowed Candice's application to proceed to resolution. If the Trial Court does not appoint Candice to

serve as guardian, HHSC can then apply to be Landen's guardian. This makes good policy; when a disabled person can live with a private individual who wants to care for them, it takes the burden off the public health system.

Texas Human Resource Code section 161.101 requires HHSC to refer the ward to an alternative person to apply to be guardian if HHSC determines that an alternative person is available to serve as guardian:

> § 161.101. Guardianship Services
>
> (c)    Subject to Subsection (c-1), if after conducting an assessment of an elderly person or person with a disability under Subsection (b) the department determines that:
>
> (1)    guardianship is appropriate for the elderly person or person with a disability, the department **shall**:
>
> (A)    file an application under Section 1101.001 or 1251.003, Estates Code, to be appointed guardian of the person or estate, or both, of the individual; or
>
> (B)    if the department determines that **an alternative person** or program described by Section 161.102 **is available to serve as guardian, refer the individual to that person** or program as provided by that section;

Tex. Hum. Res. Code §161.101(c) (emphasis added).

Section 161.102 of the Texas Human Resources Code also requires HHSC to refer a ward to a person willing and able to provide guardianship services:

(a) If the department **becomes aware** of a guardianship program, private professional guardian, or **other person willing and able to provide the guardianship services** that would otherwise be provided by the department to an individual referred to the department by the Department of Family and Protective Services under Section 48.209, the department **shall refer the individual to that person** or program for guardianship services.

Tex. Hum. Res. Code 161.102 (emphasis added).

Even if HHSC is already appointed as guardian, HHSC must review their guardianship cases at least annually, and it must notify the court if it discovers that any other person is willing and able to serve as successor guardian:

§ 161.108. Successor Guardian

The department shall review each of the department's pending guardianship cases at least annually to determine whether a more suitable person, including a guardianship program or private professional guardian, is willing and able to serve as successor guardian for a ward of the department. **If the department becomes aware of any person's willingness and ability to serve as successor guardian, the department shall notify the court in which the guardianship is pending as required by Section 1203.151, Estates Code**.

Tex. Hum. Res. Code §161.108 (emphasis added).

The Estates Code requires HHSC to notify the court if another person is willing and able to serve as successor guardian:

§ 1203.151. Notice of Availability of Successor Guardian

(a) If a guardianship program or governmental entity serving as a guardian for a ward under this title **becomes aware of a family**

23

> **member or friend of the ward, or any other interested person, who is willing and able to serve as the ward's successor guardian, the program or entity shall notify the court in which the guardianship is pending of the individual's willingness and ability to serve**.

Tex. Estates Code §1203.151 (emphasis added).

Also, HHSC can serve as a temporary guardian only as a last resort:

> § 1251.011. Certain Agency as Temporary Guardian
>
> A court may not ordinarily appoint the Department of Aging and Disability Services as a temporary guardian under this chapter. The appointment of the department as a temporary guardian under this chapter should be made **only as a last resort**.

Tex. Estates Code §1251.011 (emphasis added) (the Department of Aging and Disability Services is part of HHSC).

HHSC's representative, Ms. Boon, concedes that a guardianship by HHSC is intended to be the last resort. 2RR 24-25.

Based on information and belief, since HHSC was appointed guardian of Landen's person, HHSC has removed Landen from foster care and has placed him in a residential or institutional group home. Candice has not been allowed to visit her son at all, despite multiple requests. HHSC will not even tell her where her son is.

The Government Code specifies that HHSC should use residential or institutional care settings only as a last resort:

24

§ 531.055. Memorandum of Understanding on Services for Persons Needing Multiagency Services

(a) The Health and Human Services Commission, the Department of Family and Protective Services, the Department of State Health Services,… shall enter into a joint memorandum of understanding to promote a system of local-level interagency staffing groups to identify and coordinate services for persons needing multiagency services to be provided in the least restrictive setting appropriate, using residential, institutional, or congregate care settings **only as a last resort**…

Tex. Gov't Code §531.055 (emphasis added).

## III. The Trial Court erred by allowing HHSC to intervene in Candice's guardianship proceeding; Texas law requires HHSC to allow her to apply for guardianship without HHSC intervention.

The permissibility of HHSC's intervention is a question of law. Texas law requires HHSC to refer the guardianship matter to a person available to serve as guardian. *See supra.*

The procedure for guardianship for an individual in governmental care is set out in the Human Resources Code:

- Step 1: Determine if an individual has a disability and if a guardianship would be appropriate:

  "[I]f after conducting an assessment of… person with a disability… the department determines that… guardianship is appropriate for… person with a disability, the department shall… if the department determines that an alternative person… described by Section 161.102 is available to serve

as guardian, refer the individual to that person or program as provided by that section…" Tex. Hum. Res. Code §161.101(c)(1)(B).

- Step 2: If there is a person available to serve as guardian, refer to that available person:

  "the department shall… if the department determines that an alternative person… described by Section 161.102 is available to serve as guardian, refer the individual to that person or program as provided by that section…" Tex. Hum. Res. Code §161.101(c)(1)(B);

  and

  "If the department becomes aware of a… person willing and able to provide the guardianship services that would otherwise be provided by the department to an individual referred to the department…, the department shall refer the individual to that person… for guardianship services." Tex. Hum. Res. Code §161.102.

- Step 3: Allow the available person to apply for guardianship:

  "If the department determines that an alternative person… described by Section 161.102 is available to serve as guardian, the department shall refer… the person with a disability to that alternative person… in a manner that would allow the alternative person… sufficient time to file, not later than the 70th day after the date the department received the referral, an application to be appointed guardian." Tex. Hum. Res. Code §161.101(c-1).

The statute does not allow HHSC to intervene in Candice's guardianship proceeding. Nor does it allow HHSC to litigate a guardianship contest against Candice.

26

The only determinations HHSC can make are whether an individual needs a guardianship and whether there is a person available to serve as a guardian. HHSC's inquiry into guardianship for Landen should have ended when HHSC became aware of Candice's Application, and HHSC had to allow Candice to proceed with her Application.

As other sections of the Human Resource Code (and other statutes) make clear, a guardianship by HHSC is to be a last resort. Thus, if there is any possibility that Candice could care for Landen so the State of Texas would not have to carry that burden, that option must be explored.

## IV. The Trial Court erred by determining Candice's suitability without allowing her to fully make her case for her guardianship application; her due process rights were violated.

The Trial Court circumvented the statutory process and jumped straight to determining her suitability without allowing Candice to make her case in her guardianship application, e.g., conduct discovery, demand a jury, prepare for trial, and call witnesses.

Candice did not receive due process. Candice received no notice that her Application was going to be tried and considered at the Intervention Hearing. Her Application was not set for hearing or trial, and Candice

27

did not receive the requisite 45-day notice of trial per Texas Rule of Civil Procedure 245. Tex. R. Civ. P. 45.

Because the Trial Court gave no notice, Candice did not have an opportunity to prepare her case for trial. She did not have an opportunity to prepare or call witnesses. She did not even have time to demand a jury. *See* Tex. R. Civ. P. 216 (litigant must make a written request for a jury with a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance; a jury fee must be deposited with the clerk of the court within the time for making a written request for a jury trial).

In any event, the evidence at the hearing does not support a finding that Candice is unsuitable.

## V.    The Trial Court erred when it found Candice unsuitable to be Landen's guardian; HHSC did not prove that Candice is unsuitable.

There is no factual or legal support for the Trial Court's finding that Candice is unsuitable.

We review a trial court's conclusions of law de novo and its findings of fact for sufficiency of the evidence. *Hegar*, 605 S.W.3d at 40.

28

The only fact findings the Trial Court made about Candice are that she is unsuitable and that her parental rights were terminated nearly 13 years ago:

> **B. Unsuitability**
>
> 5.    On July 15, 2024, came to be considered the suitability of the applicant Candice Nichole Jeffcoat AKA Candace Jeffcoat to be the guardian of Landen Thomas Griswold. This Court considered the question of suitability pursuant to § 1104.352 of the Texas Estates Code. Based on the testimony and evidence presented, this Court made a finding of fact that Candice Nichole Jeffcoat AKA Candace Jeffcoat is not suitable to serve as his guardian and her parental rights were terminated on or about September 18, 2012, regarding Landen Thomas Griswold via a Final Order in Suit Affecting the Parent-Child Relationship in Anderson County, Texas.

2CR 439 (emphasis added).[6]

The Trial Court provided no other explanation to support its finding that Candice is unsuitable.

The statute does not define "unsuitable." Merriam-Webster defines "unsuitable" as "not appropriate for a particular occasion or situation." *See* https://www.merriam-webster.com/thesaurus/unsuitable.

Case law gives us examples of what constitutes "unsuitable":

---

[6] A person may not be appointed guardian if a court finds the person to be unsuitable. Tex. Estates Code § 1104.352.

- *In re Guardianship of Rombough*, No. 02-11-00181-CV, 2012 WL 1624027, at *6 (Tex. App.—Fort Worth May 10, 2012, no pet.) (finding applicant unsuitable to care for ward with mild to moderate mental retardation, diabetes, hypertension, and hyperthyroidism because applicant was incapable of following visitation guidelines set up by Texas Department of Aging and Disability Services, even upon court order to do so; ward's behavior improved when his contact with applicant was limited; ward called 911 when he "was stressed" and had called 911 over a hundred times in the year with applicant; applicant could not keep Bryan from calling 911 and had no concerns with him calling 911 repeatedly in order to have someone to talk to; applicant left ward alone and unsupervised for extended periods of time and allowed ward to wander the neighborhood; applicant sometimes failed to disclose ward's medical issues with his medical providers; applicant did not feed ward proper diet and did not give him his medications; applicant failed to notify the Social Security Administration of ward's new residence after removing ward from his group home so ward's Social Security and Medicaid benefits were suspended.)

- *Matter of Guardianship of Jones*, No. 02-15-00367-CV, 2016 WL 4474353, at *8–9 (Tex. App.—Fort Worth Aug. 25, 2016, no pet.) (finding applicant unsuitable because she refused to acknowledge that a guardianship was necessary despite ward's dementia diagnosis, she misused ward's Social Security funds, disobeyed temporary guardian's orders, and failed to comply with court's injunction).

- *Trimble v. Texas Dep't of Protective & Regulatory Serv.*, 981 S.W.2d 211, 216 (Tex. App.—Houston [14th Dist.] 1998, no

pet.) (finding applicant unsuitable because he was incapable of controlling and managing ward and her estate, lacked ability to follow through with recommendations from Protective Service and with court orders).

None of these types of circumstances exist in Candice's case, and HHSC did not prove otherwise.[7] Instead, the facts demonstrate that Candice is suitable.

## A. Candice is suitable.

Candice's current abilities demonstrate that she is more than suitable to care for Landen:

- Candice has been "clean" since then. 2RR 46.

---

[7] The Estates Code provides circumstances that disqualify a person to serve as guardian: The person's conduct is notoriously bad. Tex. Estates Code §1104.353(a). The person has been finally convicted of (1) any sexual offense, including sexual assault, aggravated sexual assault, and prohibited sexual conduct; (2) aggravated assault; (3) injury to a child, elderly individual, or disabled individual; (4) abandoning or endangering a child, elderly individual, or disabled individual; (5) terroristic threat; or (6) continuous violence against the family of the ward or incapacitated person. Tex. Estates Code §1104.353(b). The person: (1) is a party to a lawsuit concerning or affecting the welfare of the proposed ward, (2) is indebted to the proposed ward; or (3) asserts a claim adverse to the proposed ward or the proposed ward's property. Tex. Estates Code §1104.354. The proposed ward or ward disqualified the person in a declaration. Tex. Estates Code §1104.355. The person does not have the certification to serve as guardian. Tex. Estates Code §1104.356. The person is a nonresident who has not designated a resident agent to accept service of process in all actions or proceedings relating to the guardianship. Tex. Estates Code §1104.357. The person has been found to have committed family violence. Tex. Estates Code §1104.358. None of these circumstances exist in Candice's case, and HHSC did not prove otherwise.

- She has not used any controlled substances for more than 11 years. 2RR 46.

- She has not had any drug offenses since 2013, nor has she failed a drug test since 2011. 2RR 46.

- Candice has been helping others with drug addictions, even founded a rehabilitation center in Palestine, Texas. 2RR 47.

- She has worked with the Palestine Police Department to help people with drug addictions. 2RR 47.

- The police officers who had arrested and the district attorney who prosecuted her can describe Candice's life since being off drugs and opine that Candice is qualified to take care of Landen. 2RR 47.

- Candice lives in a house with four bedrooms and three bathrooms, with plenty of for Landen. 2RR 48.

- Candice has financial resources to care for Landen. 2RR 48.

- She has her own business and is putting herself through real estate school. 2RR 48. (She has since received her real estate license.)

- She has studied autism and has taken classes on how to better care for and understand Landen. 2RR 48.

- She has completed a guardianship training course as required by Texas Estates Code section §1104.003 to be appointed a guardian. 1CR 35.

- Candice is willing, able, and ready to provide care, support, clothing, shelter, and whatever needs he has. 2RR 51.

- She is willing, able, and ready to comply with court orders and submit reports to the court as required. 2RR 51; 2RR 75-76.

- She is willing, able, and ready to submit to court supervision. 2RR 51; 2RR 75.

- Candice is willing, able, and ready to move to Texas to be with Landen. 2RR 52-53; 2RR 75.

- She designated a Texas agent as required by Texas Estates Code section 1104.357 to be appointed a guardian. 2CR 451.

Simply stated, Candice has turned her life around and is willing, able, and ready to care for her child.

## B. The evidence is legally insufficient to support the Trial Court's unsuitability finding.

Because the statute does not allow HHSC to intervene in Candice's guardianship proceeding, and the statute does not allow HHSC to make its own determination of her suitability,[8] the Trial Court erred by

---

[8] Nothing in the statute provides that HHSC can make its own determination of a person's suitability. Statutes are interpreted based on the plain and common meaning of the statute's words. *Hegar*, 605 S.W.3d at 40.

allowing HHSC to present evidence to disparage her and by considering evidence (other than Candice's Application) to support HHSC's motion to intervene.

Regardless, HHSC's "evidence" is legally insufficient. HHSC's primary objection against Candice is that she voluntarily relinquished her parental rights. But that was thirteen years ago, and she voluntarily relinquished her rights in the best interests of her child. 2RR 21-44. This shows that Candice loves her child, has his interests at heart, and is willing to do what she believes is right and best for him.

The only "evidence" HHSC presented on unsuitability was hearsay about events that supposedly occurred more than thirteen years ago. 2RR 21-44. But neither of HHSC's witnesses has any personal knowledge of the events on which HHSC based its unsuitability claim. 2RR 41-42. As such, this "evidence" was excluded (the Trial Court sustained Candice's personal-knowledge objection). 2RR 41-42.

HHSC did not present any evidence from anyone with personal knowledge of Candice's ability (or inability) to care for Landen.

Evidence is legally insufficient to support a finding when (1) the record bears no evidence of a vital fact; (2) the court is barred by rules of

law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017).

Because the evidence is legally insufficient to support the Trial Court's unsuitability finding, the Court must reverse the Trial Court's dismissal of her Application.

## C.  Alternatively, the evidence is factually insufficient to support the Trial Court's unsuitability finding.

If a party is attacking the factual sufficiency of the evidence to support an adverse finding on an issue on which the other party had the burden of proof, the attacking party must demonstrate that there is insufficient evidence to support the adverse finding. *Capps v. Nexion Health at Southwood, Inc.*, 349 S.W.3d 849, 855 (Tex. App.—Tyler 2011, no pet.). In addressing a factual sufficiency of the evidence challenge, an appellate court must consider and weigh all of the evidence in a neutral light. *Id.* at 855-856. The verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 856. However, an appellate court is not a fact

finder, and it may not pass upon the credibility of the witnesses or substitute its judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence. *Id.*

The overwhelming weight of the evidence of Candice's current ability to care for Landen (as discussed above) makes the Trial Court's unsuitability finding clearly wrong and unjust, especially when there is no controverting evidence.

## D. There is no legal support for the Trial Court's conclusion of law that Candice is unsuitable.

There is no legal support for the Trial Court's conclusion of law that Candice is unsuitable (2CR 441).

HHSC did not point to a single statute or case that says a mother is not suitable to serve as her child's guardian simply because she had voluntarily relinquished her parental rights in her child's best interests thirteen years ago. None of HHSC's witnesses could point to any legal authority, statute, case, or policy. Candice is not aware of any.

Instead, the law gives Candice priority over HHSC to serve as Landen's guardian.

As Landen's mother, Candice is Landen's nearest next of kin. By statute, Candice is entitled to be his guardian over HHSC:

36

§ 1104.102. Appointment Preferences

If the court finds that two or more eligible persons are equally entitled to be appointed guardian of an incapacitated person:
(1) the incapacitated person's spouse is entitled to the guardianship in preference to any other person, if the spouse is one of the eligible persons;
(2) the eligible person **nearest of kin to the incapacitated person is entitled to the guardianship**, if the incapacitated person's spouse is not one of the eligible persons…

Tex. Estates Code §1104.102 (emphasis added).

## VI. The Trial Court erred when it appointed HHSC as Landen's guardian because the Trial Court did not comply with the statutory requirements.

Because there is no evidence of Landen's preference for a guardian, the Trial Court did not comply with Texas Estates Code section 1104.002.

Per Texas Estates Code section 1104.002, the Trial Court was required to consider Landen's preference for his guardian:

§ 1104.002. Preference of Incapacitated Person

Before appointing a guardian, the court shall make a reasonable effort to consider the incapacitated person's preference of the person to be appointed guardian…

Tex. Estates Code §104.002.

The Trial Court, however, made no effort to determine Landen's preference of guardian. HHSC did not proffer evidence of Landen's preference. There is no indication that the Trial Court ever considered

the Ward's Bill of Rights when making determinations about Landen without his involvement. *See* Tex. Estates Code §1151.351(a), (b)(3) ("A ward has all the rights, benefits, responsibilities, and privileges granted by the constitution and laws of this state and the United States…" and "to be treated with respect, consideration, and recognition of the ward's dignity and individuality").

Landen did not attend the intervention hearing. *See* Tex. Estates Code §1101.051(b) ("A proposed ward must be present at the [guardianship] hearing unless the court, on the record or in the order, determines that a personal appearance is not necessary."). There is no indication that Landen knew about the intervention hearing or was given an opportunity to attend.

There is also no indication from the record that the Attorney ad Litem asked for Landen's appearance to be waived, or that the Court found it to be in Landen's best interests for him not to appear. This alone is a violation of Landen's due process rights.

There is no indication that anyone had even spoken to Landen about his preference. A court-appointed attorney ad litem must interview the proposed ward before a guardianship hearing, and, to the greatest

extent possible, discuss with the proposed ward the law and facts of the case, the proposed ward's legal options, and the grounds on which guardianship is sought. Tex. Estates Code §1054.004(a). But there is no indication that Mr. Clark, who was supposed to be Landen's court-appointed Attorney ad Litem, ever met with Landen, spoke with Landen, or explained to Landen that his mother is ready, able, willing, and prepared, and that she wants, to care for him and provide individual love and attention to him.

It is apparent from the record that no one (except Candice) cares about Landen's interests and preferences. Not once did Mr. Clark say anything about Landen's preferences. Thus, not only were Candice's due process rights violated, but Landen's due process rights were also violated.

Not only did the Trial Court make no effort to determine Landen's preference, but the Trial Court did not consider the circumstances or Landen's best interests either:

> § 1104.101. Appointment According to Circumstances and Best Interests
>
> The court shall appoint a guardian for an incapacitated person other than a minor according to the circumstances and considering the incapacitated person's best interests.

39

Tex. Estates Code §1104.101.

HHSC did not proffer any evidence of Landen's best interests. Evidence of what allegedly occurred thirteen years ago is not evidence of what is in Landen's best interests today.

Candice, however, presented evidence that living with her today would be better for Landen than being under HHSC's guardianship because she has the means and training to care for him and give him individual attention and most importantly, the desire to care for him.

HHSC contended that it would not be good for Landen to have to move away from his foster home. But Landen was going to be removed from the foster home either way, whether he moves in with Candice or whether he remains under HHSC's care.

Landen's foster parents did not exhibit any interest in continuing to care for Landen. The foster parents have not adopted him and do not intend to adopt him. 2RR 75. The foster parents have not applied to be his guardians. 2RR 74. Even though the foster parents were served with Candice's application to be his guardian, they did not make an appearance or contest her application.

Based on information and belief, HHSC has removed him from foster care and moved him into a group home or facility in an undisclosed county.

Further, the Trial Court erred by failing to appoint a neutral officer of the court (e.g., court investigator or guardian ad litem) to investigate Candice's guardianship application and assist the Trial Court in determining Landen's best interests. *See* Tex. Estates Code §1054.151 (requiring appointment of a court investigator to investigate the circumstances alleged in a guardianship application); Tex. Estates Code §1054.054 (guardian ad litem protects incapacitated person, investigates guardianship application, and assists court in determining that person's best interests).

It is apparent from the record that no one (except Candice) cares about Landen's best interests. Because no one was evaluating Landen's best interests in a neutral manner for the Trial Court, the Trial Court should have appointed a court investigator or guardian ad litem.

Not only did the Trial Court err by *sua sponte* deciding to consider the merits of Candice's guardianship application without giving her

41

proper notice, violating her due process rights, but the Trial Court erred by failing to protect Landen.

Because the Trial Court violated several statutes and rules of civil procedures when it considered Candice's guardianship application with no notice, found her unsuitable with no or insufficient evidence, dismissed her guardianship application, allowed HHSC to intervene, and appointed HHSC as the permanent guardian of Landen's person, the Trial Court abused its discretion when it denied Candice's Motion for New Trial.

## **Prayer**

For the reasons stated herein, Appellant, Candice Jeffcoat, prays that the Court:

a. Reverse the Trial Court's July 15, 2024 Order permitting the Texas Health and Human Services Commission to intervene in her guardianship proceeding and render an order denying the Texas Health and Human Services Commission's motion to intervene in her guardianship proceeding;

b. Reverse the Trial Court's August 1, 2024 Order appointing the Texas Health and Human Services Commission to serve as guardian of Landen Griswold's person and render an order denying the Texas Health and Human Services Commission's application to be appointed as guardian of Landen Griswold's person;

42

c. Reverse the Trial Court's August 1, 2024 Order dismissing Candice Jeffcoat's application to be appointed as guardian of Landen Griswold's person and render an order appointing Candice Jeffcoat to be guardian of Landen Griswold's person;

d. Or, alternatively, reverse the Trial Court's July 15, 2024 and two August 1, 2024 orders and remand to the Trial Court for a trial on the merits of Candice Jeffcoat's application to be appointed as guardian of Landen Griswold's person; and

e. Grant any other relief to which Candice Jeffcoat is entitled.

Respectfully submitted,

KEAN | MILLER LLP

By: ___/s/ *Tracia Y. Lee*___

    Tracia Y. Lee
    State Bar No. 24013021
    Tracia.Lee@keanmiller.com
    Laurel M. Smith
    State Bar No. 24113488
    Laurel.Smith@keanmiller.com
    Pennzoil South Tower
    711 Louisiana Street, Suite 1800
    Houston, Texas 77002
    (713) 844-3000
    (713) 844-3030 (Fax)
    e-serve@keanmiller.com (E-Service)

Attorneys for Appellant, Candice Jeffcoat

## Certificate of Compliance

I certify that I drafted the foregoing using Microsoft Word for Mac 2021 using Century Schoolbook 14-point font for the text, 12-point font for the footnotes, and Garamond 14-point font for statute quotes, and that the Brief contains 7504 words.

/s/ *Tracia Y. Lee*
Tracia Y. Lee

## Certificate of Service

I certify that a true and correct copy of the foregoing instrument was sent via e-serve to the following on March 4, 2025:

Alyssa N. Bixby-Lawson
Assistant Attorney General
General Litigation Division
Office of the Attorney General
300 West 15th Street, 6th Floor
Austin Texas 78701
Phone: (210) 270-1118
Fax: (512) 477-2348
Email: alyssa.bixby-lawson@oag.texas.gov
Counsel for Appellee, Texas Health and
Human Services Commission (HHSC)

Jonathan Petix
Texas Health and Human Services
Commission (HHSC)
350 Pine Street, 9th Floor
Beaumont, Texas 77701
(409) 730-4087
(409) 730-4048 (Fax)
Jonathan.petix@hhs.texas.gov

/s/ *Tracia Y. Lee*
Tracia Y. Lee

## **Appendix**

1. Trial Court's Order granting HHSC's Petition in Intervention (1CR 235)

2. Trial Court's Order dismissing Candice's application for guardianship (1CR 247)

3. Trial Court's Order appointing HHSC as the permanent guardian of Landen's person (1CR 240)

NO. G00074

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| THE GUARDIANSHIP OF | § | OF |
| | § | |
| LANDEN THOMAS GRISWOLD | § | CHEROKEE COUNTY, TEXAS |
| AN INCAPACITATED PERSON | § | |

## ORDER ON MOTION TO INTERVENE

On this day, the Court considered the Texas Health and Human Services Commission's (HHSC), Motion to Intervene.

The Court finds that HHSC is an interested in this guardianship proceeding and that HHSC has stated sufficient grounds for intervention in the proceeding. The Court further finds that the intervention will not unduly delay or prejudice the adjudication of the original parties' rights and HHSC does not have an adverse relationship with the proposed ward that would unduly prejudice the adjudication of the original parties' rights.

IT IS THEREFORE ORDERED that HHSC's Motion to Intervene is granted.

SIGNED on July 15, 2024

_____
JUDGE PRESIDING

FILED
at 4:12 o'clock P M

JUL 15 2024

LAVERNE LUSK
CLERK COUNTY COURT CHEROKEE CO., TX
BY _____ DEPUTY

Griswold, L. Order on Motion to Intervene
Page 1

235

CAUSE NO. G00074

| IN THE MATTER OF | § | IN THE COUNTY COURT AT LAW |
| THE GUARDIANSHIP OF | § | OF |
| | § | |
| LANDEN THOMAS GRISWOLD | § | CHEROKEE COUNTY, TEXAS |
| AN INCAPACITATED PERSON | § | |

## ORDER DENYING APPLICATION FOR GUARDIANSHIP DUE TO UNSUITABILITY

On the 15th day of July 2024, came to be considered the Application for Appointment of Candice Nichole Jeffcoat AKA Candace Jeffcoat as Permanent Guardian of Landen Thomas Griswold. This Court considered the question of suitability pursuant to Section 1104.352 of the Texas Estates Code. Based on the testimony and evidence presented, this Court finds that Candice Nichole Jeffcoat AKA Candace Jeffcoat is not suitable to be appointed guardian of Landen Thomas Griswold. Therefore, this Court denies Candice Nichole Jeffcoat AKA Candace Jeffcoat's Application for Appointment as Guardian of Landen Thomas Griswold.

**IT IS THEREFORE ORDERED** that the Application for Appointment of Candice Nichole Jeffcoat AKA Candace Jeffcoat as Permanent Guardian of Landen Thomas Griswold Application is denied due to her unsuitability to serve as guardian.

SIGNED this _1st_ day of _August_, 2024.

_Jan Stone_
JUDGE PRESIDING

Order Denying Application For Guardianship Due to Unsuitability
LANDEN THOMAS GRISWALD, Cause No. G00074
Page 1

247

APPROVED AS TO FORM:

_____
Jonathan Petix
Attorney For HHSC

_____
Jeffery Clark
Attorney Ad Litem For Landen Thomas Griswold

_____
Laurel M. Smith
Kean | Miller LLP
Attorney for Candice Jeffcoat

Candice Jeffcoat disagrees with the Court's findings, conclusions, and determinations and feels there are defects that support a new trial. However, the Court is asking all parties to sign this proposed order before the Court will sign it. As such, Candice Jeffcoat signs this proposed order so the Court will sign it, so that post-judgment and appellate deadlines can start, so that she can move forward with a motion for new trial and appellate remedies. Candice Jeffcoat agrees only to the form of this order but disagrees, and should not be construed as concurring, with the content or result.

F I L E D

at _____8_____ o'clock __A__ M

AUG 05 2024

LAVERNE LUSK
CLERK COUNTY COURT CHEROKEE CO., TX
BY _____ DEPUTY

Order Denying Application For Guardianship Due to Unsuitability
LANDEN THOMAS GRISWALD, Cause No. G00074
Page 2

248

NO. G00074

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| THE GUARDIANSHIP OF | § | OF |
| | § | |
| LANDEN THOMAS GRISWOLD | § | CHEROKEE COUNTY, TEXAS |
| AN INCAPACITATED PERSON | § | |

## ORDER APPOINTING PERMANENT GUARDIAN OF THE PERSON
## WITH FULL AUTHORITY

On the 15th day of July 2024, came to be considered the application filed in the above-entitled and -numbered cause by the Texas Health and Human Services Commission ("HHSC" or "Guardian" herein), requesting the appointment of the Texas Health and Human Services Commission as Full Guardian of the Person of, Landen Thomas Griswold ("Ward" herein), an Incapacitated Person.

Applicant, the Texas Health and Human Services Commission, appeared by and through its designated employee-representative, Beth Boon, and its attorney of record, Jonathan Petix. The Ward, Landen Thomas Griswold, Ward, appeared by and through his Court-appointed attorney ad litem, Jeffery Clark.

The following persons appeared in person at the hearing:

1. Candice Nichole Jeffcoat AKA Candace Jeffcoat, and her attorney Laurel M. Smith.

2. Robin Hewitt on behalf of DFPS.

### I.

Pursuant to Estates Code § 1101.101(a)(1), the Court finds by clear and convincing evidence as follows:

That Landen Thomas Griswold, Ward, is a male, born December 2, 2004;

That Ward is incapacitated and therefore a Guardianship of the Person giving full authority to the Guardian should be granted;

That it is in the best interest of the Ward to have the Court appoint a full Guardian of the Person for the Ward;

That the rights of person and property will be protected by the appointment of a full Guardian; and

That alternatives to guardianship and available supports and services to avoid guardianship were considered and no alternatives to guardianship or supports or services are available to the Proposed Ward or are feasible to avoid the need for guardianship.

Pursuant to Estates Code § 1101.101(a)(2), the Court further finds by a preponderance of the evidence as follows:

That this Court has jurisdiction pursuant to Estates Code § 1022.002 and venue of the case pursuant to Estates Code § 1023.001;

That the Texas Health and Human Services Commission is qualified by law to act as Full Guardian of the Person and no other suitable, eligible, and qualified person is available;

That Candice Nichole Jeffcoat AKA Candace Jeffcoat is unsuitable to serve as Guardian of Landen Thomas Griswold;

That the Ward is totally without capacity to care for himself;

The Court further finds by the preponderance of the evidence that Landen Thomas Griswold, Ward, is totally incapacitated because of a mental condition and lacks capacity to vote in an election, to operate a motor vehicle, and to make personal decisions regarding residence.

The Court further finds by the preponderance of evidence that HHSC has acted in good faith in the filing and prosecution of the application for guardianship.

That the Ward is indigent.

Pursuant to Estates Code § 1101.102, the Court further finds that the determination of incapacity is evidenced by recurring acts or occurrences within the preceding six-month period and not by isolated instances of negligence or bad judgment.

## II.

That citation and notice of HHSC's application for guardianship has been given as provided by law and all persons required to be personally served with process have been properly served as required by law, have signed waivers, or have appeared in person or through their attorney in Court.

## III.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the application be granted and that the Texas Health and Human Services Commission is appointed Guardian with Full Authority of the Person of Landen Thomas Griswold, for an indefinite term, subject to further orders of this Court. The term of this guardianship shall be until the ward is restored to full capacity, dies, or until the Court determines this matter shall be terminated. The Guardian of the Person is hereby granted full powers and duties to act in the Ward's behalf as set forth in Estates Code § 1151.051, including, but not limited to, the following:

a) the power to review, to take possession of and consent to the disclosure of the Ward's medical, dental, and psychological records;

b) the power to apply for, arrange for, and consent to any and all psychological, psychiatric, or medical examinations, treatments, tests, or evaluations for the Ward, but not the authority to consent to in-patient psychiatric commitment of the Ward;

c) the power to consent or to object to all medical and dental treatment and procedure for the Ward, including surgery, unless consent by a guardian is prohibited by other law;

d) pursuant to Health and Safety Code §§ 166.039 and 166.088, the power to make a treatment decision that may include a decision to withhold or withdraw life-sustaining treatment from the Ward and the power to execute an Out-of-Hospital Do-Not-Resuscitate (DNR) Order on behalf of the Ward;

e) the right to take charge of and supervise the person of the Ward, have physical possession of the Ward, establish the legal domicile of the Ward, place the Ward in appropriate living facilities, and make personal decisions regarding the residence of the Proposed Ward;

f) the power to consent to appropriate educational, vocational and recreational services for the Ward;

g) the power to access all government funds and services to which the Ward may be entitled;

h) the power to apply for and to secure an identification card for the ward; and

i) the power to sign documents necessary or appropriate to facilitate employment of the Ward.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE RIGHT OF A GUARDIAN OF THE PERSON OF A WARD TO HAVE PHYSICAL POSSESSION OF THE WARD OR TO ESTABLISH THE WARD'S LEGAL DOMICILE AS SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CIVIL OR OTHER CLAIM REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THIS ORDER THAT RELATE TO THE ABOVE-MENTIONED RIGHTS OF THE COURT-APPOINTED GUARDIAN OF THE PERSON OF THE WARD. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000."

IV.

The Court imposes those limitations on the Ward that are consistent with the preceding grant of powers to the Guardian in paragraph III. of this order.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Ward no longer have the right to:

a) vote in a public election or any other matter;

b) own, possess, purchase, or use a firearm or ammunition;

c) operate a motor vehicle or hold or obtain a license to operate a motor vehicle under Transportation Code Chapter 521;

d) consent to marriage;

e) execute a will or make a codicil or amendment to any existing will;

f) execute a trust or make an amendment to any existing trust;

g) execute a power of attorney or make an amendment to any existing power of attorney;

h) make decisions or give consent to medical or surgical treatment;

i) choose his or her domicile or residence or make personal decisions regarding residence;

j) personally to seek employment, obtain government assistance or access government benefits or funds.

In compliance with Estates Code § 1151.001, the Ward retains all legal and civil rights and powers except those designated by this order as being specifically granted to the guardian.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that any Medical Power of Attorney issued by the Ward is revoked and the power to make medical decisions on behalf of the Ward is vested in the Guardian upon qualification of the Guardian pursuant to Health and Safety Code § 166.156.

## VI.

**THE COURT FURTHER FINDS** that pursuant to Human Resources Code § 161.107, no bond be required of the Texas Health and Human Services Commission. The Guardianship Specialist shall take the oath for the Commission. The Agent or Guardianship Specialist assigned by HHSC to this case is Beth Boon.

**IT IS FURTHER ORDERED** that this order shall not constitute authority for the Texas Health and Human Services Commission (HHSC), the Guardian of the Person to act as guardian until they have qualified according to law by filing an oath with the Cherokee County Clerk's office. Upon the Texas Health and Human Services Commission (HHSC) qualification as guardian, the Cherokee

Order Appointing Permanent Guardian of the Person with Full Authority
LANDEN THOMAS GRISWALD, Cause No. G00074

244

County Clerk shall issue Letters of Guardianship, with a certified copy of this Order attached, that SHALL BE EVIDENCE TO ALL CONCERNED of the Texas Health and Human Services Commission (HHSC) authority to act as Guardian of the Person of the Ward.

IT IS FURTHER ORDERED that within 12 months from the date of its qualification, and annually thereafter, HHSC shall submit to the Court an annual report of the person; and that the letters of guardianship shall expire one year and four months after their date of issuance unless renewed according to law.

THE COURT FURTHER FINDS that pursuant to Human Resources Code § 161.107, no fee including, but not limited to, ad litem fees, filing fees, costs of certifying orders, and service costs, shall be assessed against the Texas Health and Human Services Commission.

IT IS FURTHER ORDERED that Jeffery Clark, attorney ad litem is hereby discharged and released from his duties as attorney ad litem in this matter.

IT IS FURTHER ORDERED that the Clerk of the Court shall prepare and transmit an abstract of judgment for this proceeding Cherokee County Voter Registrar and to the Texas Department of Public Safety.

IT IS FURTHER ORDERED that the Clerk of the Court shall report to the Texas Department of Public Safety pursuant to Government Code §§ 411.052 and 411.0521.

SIGNED this 1st day of August, 2024.

_____
JUDGE PRESIDING

Order Appointing Permanent Guardian of the Person with Full Authority
LANDEN THOMAS GRISWALD, Cause No. G00074

APPROVED AS TO FORM:

FILED
at ___8___ o'clock _A_ M

AUG 05 2024

LAVERNE LUSK
CLERK COUNTY COURT CHEROKEE CO., TX
BY_____ DEPUTY

Jonathan Petix
Attorney For HHSC

Jeffery Clark
Attorney Ad Litem For Landen Thomas Griswold

Laurel M. Smith
Kean | Miller LLP
Attorney for Candice Jeffcoat

Candice Jeffcoat disagrees with the Court's findings, conclusions, and determinations and feels there are defects that support a new trial. However, the Court is asking all parties to sign this proposed order before the Court will sign it. As such, Candice Jeffcoat signs this proposed order so the Court will sign it, so that post-judgment and appellate deadlines can start, so that she can move forward with a motion for new trial and appellate remedies. Candice Jeffcoat agrees only to the form of this order but disagrees, and should not be construed as concurring, with the content or result.

Order Appointing Permanent Guardian of the Person with Full Authority
LANDEN THOMAS GRISWALD, Cause No. G00074

246

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tracia Lee on behalf of Tracia Lee
Bar No. 24013021
tracia.lee@keanmiller.com
Envelope ID: 98068774
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 3/5/2025 7:21 AM CST

Associated Case Party: Texas Health and Human Services Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Petix | 24027728 | jonathan.petix@hhs.texas.gov | 3/4/2025 10:05:14 PM | SENT |
| Alyssa Bixby-Lawson | 24122680 | alyssa.bixby-lawson@oag.texas.gov | 3/4/2025 10:05:14 PM | SENT |